[Civ. No. 13058.   First Dist., Div. One.   May 13, 1946.]

ADA AEBLI et al., Appellants, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Piccirillo & Wolf for Appellants.

John J. O'Toole, City Attorney, Walter A. Dold, Chief Deputy City Attorney, and Irving G. Breyer for Respondents.

PETERS, P. J.—The present appeal involves an interpretation of this court's opinion in *Aebli* v. *Board of Education*, 62 Cal.App.2d 706 [145 P.2d 601]. The specific question presented is what was the legal effect of that decision on the rights of the six parties who are here appellants, they also being six of the 189 appellants on the prior appeal? The trial court in the present proceeding found that as to these six appellants the judgment was affirmed, and entered its judgment accordingly. From this judgment these six parties appeal, contending that as to them the judgment on the prior appeal was reversed.

A proper analysis of the question presented requires a reference to the issues and holdings on the prior appeal. The litigation started in 1932. In that year 189 teachers in the San Francisco School Department, including the six appellants on the present appeal, filed actions against the school board alleging that the actions of the board in ordering a reduction in their ratings and salaries, and in collecting back from them what the board claimed was excess payments made to them, were illegal. The actions prayed for a restoration of the money that had been deducted from their salaries and for writs of mandate to restore them to their previous ratings. The trial judge, the Honorable C. J. Goodell, after a protracted trial, prepared two exhaustive opinions in which he discussed in detail the facts and the law applicable to each of the litigants. Thereafter complete and carefully prepared findings and conclusions of law were filed. In these findings the trial court, generally speaking, divided the teachers into three main categories—the clerical or mechanical error cases, the nonuniformity cases and the estoppel cases. As to the

teachers within the clerical or mechanical error category the trial court denied them any relief; as to the second category—the nonuniformity cases—the trial court granted them the right to recover back the sums that had been deducted from their salaries, but held that the reratings of the board, so far as they acted prospectively, were valid; as to the six estoppel cases the trial court held that because of facts peculiar to their individual cases the board was estopped from charging back the allegedly excess payments and from changing their ratings prospectively. The trial court also included these estoppel cases in its findings relating to the nonuniformity group. The six teachers involved on the present appeal were not listed in any of these three categories by the trial court, but in both its opinions and findings, were separately treated. As to each of these six parties the trial court found that they had not sustained their respective burdens of proof. They were treated in the opinion of Judge Goodell as specialized types of mechanical or clerical error cases. Judgment was entered in accordance with these findings. From this judgment the teachers appealed from those portions adverse to them, and the board appealed from those portions adverse to it. This court accepted the classifications made by the trial court, and reversed the judgment in part and affirmed it in part. So far as is pertinent here this court affirmed all portions of the judgment from which the board appealed. So far as the appeal by the teachers is concerned the order of this court was that (62 Cal.App.2d at p. 760) "all portions of the judgment from which they appeal should be affirmed except the following:" The court then listed three specific portions of the judgment that should be reversed. The first two categories are not involved on the present appeal. The third portion of the order of reversal reads: "That portion of the judgment denying to the teachers discussed under the heading 'The "nonuniformity" cases' the right to a writ of mandate to be restored to their prior ratings should be reversed."

Upon the opinion of this court becoming final the six teachers involved in the present appeals contended that they were within the nonuniformity category and were entitled to writs of mandate to be restored to their prior ratings. The board refused to restore their prior ratings, it being its contention that as to these six teachers the judgment denying them any relief was affirmed. The dispute was submitted to the trial court. It determined that the trial court in its original

judgment had denied these six teachers any relief, and that those portions of the judgment had not been reversed but had been affirmed by this court. It is from this order that the six teachers now appeal. We will assume, without deciding, that the present type of proceeding is a proper one to secure an interpretation of the prior opinion of this court.

The interpretation given by the trial court to our order made on the previous appeal is undoubtedly correct. The six appellants do not fall within the nonuniformity group, nor was the reversal ordered as to that group intended to include these appellants. The argument of appellants that they fall within the nonuniformity category is largely based upon the fact that in the briefs filed by the 189 teachers on the previous appeal counsel did not elect to follow the groupings as made by the trial court. In the nonuniformity group the trial court in finding No. 29 had listed 75 teachers, including the six estoppel cases. When appellants on the prior appeal came to list those included within the nonuniformity classification, they included only two of the estoppel cases, and included the six present appellants, who had not been so listed by the trial court. The result is that, in their briefs, they listed 77 names, including those of the six appellants, as being in the nonuniformity category. It is the theory of appellants that when this court reversed as to the nonuniformity group it was referring to the classification made by counsel for the teachers rather than the classification set forth in the findings of the trial court. This conclusion follows, say these six appellants, because when this court came to discuss the nonuniformity cases it started the discussion with the words (62 Cal.App.2d at p. 744): ''This group includes some seventy-five teachers.'' By the use of the word ''some'' the appellants argue that we were not limiting the discussion to exactly seventy-five as did the trial court, but meant to include some others, i.e., these six appellants.

The argument is without merit. The respondents on the prior appeal at no time conceded that the classification made by appellants as to these six teachers was correct. In fact, on page 323 of their brief they expressly challenged such classification. The classifications made by the litigants were not accepted by this court. A reading of the lengthy opinion demonstrates that this court accepted the various classifications made by the trial court, and that when it started to discuss the ''some seventy-five teachers'' included within the non-

uniformity group it was discussing the seventy-five teachers so classified by the trial court in finding No. 29. Why the word "some" was used is not clear. In some six different places in the portions of the opinion dealing with the nonuniformity cases we referred simply to the "seventy-five" teachers as found by the trial court.

This interpretation seems obvious when the form of the order of reversal is considered. As above pointed out, so far as the appeal by the teachers is concerned we affirmed "all *portions* of the *judgment*" except three specific "portions" including "that portion of the judgment" relating to the nonuniformity cases. Quite clearly we there referred to the classifications made by the trial court and not those made by counsel.

That the trial court did not include these six teachers in the nonuniformity group is conceded. In finding No. 29 the trial court listed 75 teachers as being within the nonuniformity group. These six appellants were not included. Unlike the nonuniformity cases, in which the trial court granted partial relief but denied reratings, these six appellants were listed among those who were to have no relief at all. In his second opinion Judge Goodell treats these six teachers separately, and holds that they did not sustain the burden of proof, and further states that they fall within the clerical or mechanical error cases. These six appellants were separately treated in finding No. 64.

It is true that in our prior opinion no specific reference was made to these six appellants, and it is now argued that either they were intended to be included in the nonuniformity group or they were inadvertently overlooked and their appeals still remain pending. They were not overlooked. There were 189 teachers involved on the prior appeal. For convenience most of the teachers were included within the three above-mentioned categories, or within the "miscellaneous cases" discussed in the opinion. When we discussed the mechanical error cases, we divided them, as did the trial court, into various subdivisions. After discussing each subdivision the following appears (p. 733) : "The above constitute the main groups found by the trial court to fall within the mechanical error category. We are convinced that as to all of these cases (those mentioned above as well as those not specifically mentioned but set forth in the findings of the trial court)" the judgment must be affirmed in its entirety. The trial court

had treated these six appellants as a specialized group where a clerical error had been made in their original ratings. The reason for this was obvious. A reading of the record on the prior appeal demonstrates that the original ratings of these six teachers were based on erroneous information received by the board as to their prior teaching or vocational experience. They thus do not fall within the nonuniformity group, but more properly within the mechanical error category and were so considered in the opinion of this court as the above language indicates.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.